# EXHIBIT 6

**ORDER SUMMARY**
**Consumer Services Division Case Number C-22-3391**

*Consent Orders* resolve investigations. In these, companies and individuals work with us to agree to terms that resolve the issues in the investigation.

| Names | Nexo Capital, Inc., NMLS # 2483288<br>Kosta Kantchev, NMLS # 1926625<br>Antoni Trenchev, NMLS # 1926618 |
|---|---|
| Order Number | C-22-3391-23-CO01 |
| Date issued | March 29, 2023 |

**What does this Consent Order require?**

- The outstanding monetary claims in the Statement of Charges are resolved provided Respondents remain in compliance with the Term Sheet and the Consent Order.
- Respondents shall cease and desist from conducting business in a manner that is injurious to the public or that violates any provision of the UMSA or CLA. *This does not prohibit Respondents from returning money, virtual currency, or other assets to customers.*
- Respondents are prohibited from participating in the conduct of the affairs of any money transmitter or consumer loan company licensed by DFI or subject to licensure or regulation by DFI for five years.
- Nexo Capital, Inc. shall continue to provide DFI with current contact information while the Consent Order is in effect.

**Need more information?**

You can contact the Consumer Services Division, Enforcement unit at (360) 902-9703 or csenforcecomplaints@dfi.wa.gov. *Please remember that we cannot provide financial or legal advice to members of the public.  We also cannot release confidential information.*

Last updated 3/30/23

**STATE OF WASHINGTON**
**DEPARTMENT OF FINANCIAL INSTITUTIONS**
**DIVISION OF CONSUMER SERVICES**

| | |
|---|---|
| IN THE MATTER OF DETERMINING Whether there has been a violation of the Uniform Money Services Act and the Consumer Loan Act of Washington by:<br><br>NEXO CAPITAL, INC.; KOSTA KANTCHEV, NMLS NO. 1926625; and ANTONI TRENCHEV, NMLS NO. 1926618;<br><br>Respondents. | No.: C-22-3391-23-CO01<br><br>CONSENT ORDER |

COMES NOW the Director of the Department of Financial Institutions (Director), through his designee Lucinda Fazio, Division of Consumer Services Director, and Nexo Capital, Inc. (Respondent NCI); Kosta Kantchev (Respondent Kantchev); and Antoni Trenchev (Respondent Trenchev); and finding that the issues raised in the above-captioned matter may be economically and efficiently settled, agree to the entry of this Consent Order. This Consent Order is entered pursuant to chapters 19.230 and 31.04 of the Revised Code of Washington (RCW), and RCW 34.05.060 of the Administrative Procedure Act, based on the following:

**AGREEMENT AND ORDER**

The Department of Financial Institutions, Division of Consumer Services (Department) and Respondents have agreed upon a basis for resolution of the matters alleged in Statement of Charges No. C-22-3391-22-SC01 (Statement of Charges), entered July 8, 2022, (copy attached hereto). Pursuant to chapter 19.230 RCW, the Uniform Money Services Act (UMSA); chapter 31.04 RCW, the Consumer Loan Act (CLA); and RCW 34.05.060 of the Administrative Procedure Act, Respondents hereby agree to the Department's entry of this Consent Order and further agree that the issues raised in the above-captioned matter may be economically and efficiently settled by entry of this Consent Order. The parties intend this Consent Order and the NASAA Working Group Multistate Term Sheet entered into in January 2023 to fully resolve the Statement of Charges.

CONSENT ORDER
C-22-3391-23-CO01
NEXO CAPITAL, INC.; KOSTA KANTCHEV; and ANTONI
TRENCHEV

1

DEPARTMENT OF FINANCIAL INSTITUTIONS
Division of Consumer Services
150 Israel Rd SW
PO Box 41200
Olympia, WA 98504-1200
(360) 902.8703

Based upon the foregoing:

**A.  Jurisdiction.**  It is AGREED that the Department has jurisdiction over the subject matter of the activities discussed herein.

**B.  Waiver of Hearing.**  It is AGREED that Respondents have been informed of the right to a hearing before an administrative law judge, and hereby waive their right to a hearing and any and all administrative and judicial review of the issues raised in this matter, or of the resolution reached herein. Accordingly, Respondents, by their signatures and the signatures of their representatives below, withdraw their appeal to the Office of Administrative Hearings.

**C.  Monetary Claims.**  In January 2023, the Department and Respondents NCI and Trenchev agreed to a NASAA Working Group Multistate Term Sheet ("Term Sheet") in which settlement payments made in accordance with the Term Sheet would resolve outstanding monetary claims in the Statement of Charges. Accordingly, it is AGREED that, provided Respondents remain in compliance with the Term Sheet and accompanying consent order, the following outstanding monetary claims in the Statement of Charges are resolved: fine (paragraph 4.5), investigation fee (paragraph 4.6), refunds (paragraph 4.7), and prosecution costs (paragraph 4.9).

**D.  Cease and Desist.**  It is AGREED that Respondents shall cease and desist from conducting business in a manner that is injurious to the public or that violates any provision of the UMSA or CLA. This does not prohibit Respondents from returning money, virtual currency, or other assets to customers.

**E.  Prohibition from Money Services Industry.**  It is AGREED that, for a period of 5 years from the date of entry of this Consent Order, Respondents are prohibited from participating in the conduct of the affairs of any money transmitter licensed by the Department or subject to licensure or

CONSENT ORDER
C-22-3391-23-CO01
NEXO CAPITAL, INC.; KOSTA KANTCHEV; and ANTONI
TRENCHEV

2

DEPARTMENT OF FINANCIAL INSTITUTIONS
Division of Consumer Services
150 Israel Rd SW
PO Box 41200
Olympia, WA  98504-1200
(360) 902.8703

regulation by the Department. This does not prohibit Respondents from returning money, virtual currency, or other assets to customers.

**F.  Prohibition from Consumer Loan Industry.**  It is AGREED that, for a period of 5 years from the date of entry of this Consent Order, Respondents are prohibited from participating in the conduct of the affairs of any consumer loan company licensed by the Department or subject to licensure or regulation by the Department. This does not prohibit Respondents from returning money, virtual currency, or other assets to customers.

**G.  Change of Address.**  It is AGREED that for the duration of the period this Consent Order is in effect, unless otherwise agreed to in writing by the Department, Respondent NCI shall provide the Department with a mailing address and telephone number at which Respondent NCI can be contacted and Respondent NCI shall notify the Department in writing of any changes to Respondent NCI's mailing address or telephone number within 15 days of any such change.

**H.  Records Retention.**  It is AGREED that Respondents, their officers, employees, and agents, shall maintain records in compliance with the UMSA and CLA and provide the Director with the location of the books, records and other information relating to Respondents' money transmitter and consumer loan company business, and the name, address and telephone number of the individual responsible for maintenance of such records in compliance with the UMSA and CLA.

**I.  Authority to Execute Order.**  It is AGREED that the undersigned have represented and warranted that they have the full power and right to execute this Consent Order on behalf of the parties represented.

**J.  Non-Compliance with Order.**  It is AGREED that Respondents understand that failure to abide by the terms and conditions of this Consent Order may result in further legal action by the Director. In the event of such legal action, Respondents may be responsible to reimburse the Director

CONSENT ORDER
C-22-3391-23-CO01
NEXO CAPITAL, INC.; KOSTA KANTCHEV; and ANTONI
TRENCHEV

3

DEPARTMENT OF FINANCIAL INSTITUTIONS
Division of Consumer Services
150 Israel Rd SW
PO Box 41200
Olympia, WA  98504-1200
(360) 902.8703

for the cost incurred in pursuing such action, including but not limited to, attorney fees.

**K.  Voluntarily Entered.**  It is AGREED that the undersigned Respondents have voluntarily entered into this Consent Order, which is effective when signed by the Director's designee.

**L.  Completely Read, Understood, and Agreed.**  It is AGREED that Respondents have read this Consent Order in its entirety and fully understand and agree to all of the same.

**M. Counterparts.**  It is AGREED that this Consent Order may be executed in one or more separate counterparts, each of which when so executed shall be deemed an original. Such counterparts shall together constitute a single document. An electronic signature, or a faxed, photocopied, or scanned copy of an original signature, shall be deemed the same as an original signature.

**RESPONDENTS:**

**Nexo Capital, Inc.**
By:

_____          _March 24, 2023_____
Antoni Trenchev, Director and Manager          Date

**Respondent Kantchev**

_____          _March 24, 2023_____
Kosta Kantchev, Individually          Date

**Respondent Trenchev**

_____          _March 24, 2023_____
Antoni Trenchev, Individually          Date

_____          _March 24, 2023_____
Philip J. Bezanson, WSBA No. 50892          Date
Schulte Roth & Zabel, LLP
Attorney for Respondents

**DO NOT WRITE BELOW THIS LINE**

CONSENT ORDER                                           4                    DEPARTMENT OF FINANCIAL INSTITUTIONS
C-22-3391-23-CO01                                                                   Division of Consumer Services
NEXO CAPITAL, INC.; KOSTA KANTCHEV; and ANTONI                          150 Israel Rd SW
TRENCHEV                                                                                    PO Box 41200
                                                                               Olympia, WA  98504-1200
                                                                                        (360) 902.8703

THIS ORDER ENTERED THIS <u>29th</u> DAY OF <u>March</u>, 2023.

/s/
_____
LUCINDA FAZIO, Director
Division of Consumer Services
Department of Financial Institutions

Presented by:

/s/
_____
DREW STILLMAN
Financial Legal Examiner Supervisor

Approved by:

/s/
_____
JACK McCLELLAN
Enforcement Chief

CONSENT ORDER
C-22-3391-23-CO01
NEXO CAPITAL, INC.; KOSTA KANTCHEV; and ANTONI
TRENCHEV

5

DEPARTMENT OF FINANCIAL INSTITUTIONS
Division of Consumer Services
150 Israel Rd SW
PO Box 41200
Olympia, WA  98504-1200
(360) 902.8703

**STATE OF WASHINGTON**
**DEPARTMENT OF FINANCIAL INSTITUTIONS**
**DIVISION OF CONSUMER SERVICES**

| | |
|---|---|
| IN THE MATTER OF DETERMINING Whether there has been a violation of the Uniform Money Services Act and the Consumer Loan Act of Washington by:<br><br>NEXO CAPITAL, INC.; KOSTA KANTCHEV, NMLS NO. 1926625; and ANTONI TRENCHEV, NMLS NO. 1926618;<br><br>Respondents. | No. C-22-3391-22-SC01<br><br>STATEMENT OF CHARGES and NOTICE OF INTENT TO ENTER AN ORDER TO CEASE AND DESIST, PROHIBIT FROM INDUSTRY, IMPOSE FINE, COLLECT INVESTIGATION FEE, REFUND FEES AND INTEREST, and RECOVER COSTS AND EXPENSES |

**INTRODUCTION**

Pursuant to RCW 19.230.130, RCW 19.230.310, RCW 31.04.093, and RCW 31.04.165, the Director of the Department of Financial Institutions of the State of Washington (Director) is responsible for the administration of chapter 19.230 RCW, the Uniform Money Services Act (UMSA), and chapter 31.04 RCW, the Consumer Loan Act (CLA). After having conducted an investigation pursuant to RCW 19.230.130, WAC 208-690-180, and RCW 31.04.145, and based upon the facts available as of the date of this Statement of Charges, the Director, through his designee, Division of Consumer Services Director Lucinda Fazio, institutes this proceeding and finds as follows:

**I. FACTUAL ALLEGATIONS**

**1.1   Respondents.**

**A.**  Nexo Capital, Inc. (Respondent NCI) has never been licensed by the Department of Financial Institutions of the State of Washington (Department). Respondent NCI is part of the Nexo Group, which includes AFS Advance Financial Solutions, Ltd.; AFS Holding, Ltd.; NDS EOOD; Nexo AG; Nexo Clearing and Custody, Ltd.; Nexo Finance Limited; Nexo Financial Services, Inc.; Nexo Financial Services, Ltd.; Nexo Financial, LLC; Nexo Global Investments, LLC; Nexo, Ltd.;

STATEMENT OF CHARGES
C-22-3391-22-SC01
NEXO CAPITAL, INC.; KOSTA KANTCHEV; and ANTONI
TRENCHEV

1

DEPARTMENT OF FINANCIAL INSTITUTIONS
Division of Consumer Services
PO Box 41200
Olympia, WA  98504-1200
(360) 902-8703

Nexo Markets, Ltd.; Nexo Payments Limited; Nexo Services OÜ; Nexo Services UAB; Nexo Services, Ltd.; Nexo Trading, Inc.; Nexo, Inc.; Nexo, Ltd.; and  NPEM, Ltd.

**B.**  Kosta Kantchev (Respondent Kantchev) is a beneficial owner, co-founder, Executive Chairman, Chief Executive Officer, director, and manager of all or most companies within the Nexo Group, including Respondent NCI. From about February 2018 to June 2022, Respondent Kantchev was responsible for directing and coordinating the day-to-day business activities of the Nexo Group companies, including ensuring their compliance with applicable legislation, rules, and regulations. Respondent Kantchev has never been licensed by the Department.

**C.**  Antoni Trenchev (Respondent Trenchev) is a co-founder and Managing Partner of the Nexo Group and a director and manager of certain companies within the Nexo Group, including Respondent NCI. From about February 2018 to June 2022, Respondent Trenchev was responsible for supervising day-to-day business activities of the Nexo Group companies, including ensuring their compliance with applicable legislation, rules, and regulations. Respondent Trenchev has never been licensed by the Department.

**1.2    Unlicensed Activity.** From about April 2018 to June 2022 (the "relevant period"), primarily through a website and mobile application, Respondent NCI offered and provided several financial products and services to people located in Washington. Among these products and services were hosting digital wallets, making loans, and facilitating the buying, selling, transferring and exchanging of virtual and fiat currencies (such as the U.S. Dollar, the British Pound Sterling, and the Euro). During the relevant period, approximately 2,687 people in Washington deposited approximately $306,000,000 in interest-earning digital wallets hosted by Respondent NCI; Respondent NCI facilitated approximately $73,000,000 in currency exchanges involving approximately 1,242 people in Washington; and Respondent NCI lent approximately $65,000,000 to approximately 837 people in

STATEMENT OF CHARGES
C-22-3391-22-SC01
NEXO CAPITAL, INC.; KOSTA KANTCHEV; and ANTONI
TRENCHEV

2

DEPARTMENT OF FINANCIAL INSTITUTIONS
Division of Consumer Services
PO Box 41200
Olympia, WA  98504-1200
(360) 902-8703

Washington. These activities involved money transmission and lending for which licenses are required.

**A.  Unlicensed Money Transmission.** During the relevant period, Respondent NCI engaged in the business of money transmission and advertised, solicited, and held itself out as providing money transmission services for people in Washington. Respondent NCI's money transmission activities included receiving customers' fiat and virtual currencies, which it held in digital wallets, and transferring or instructing the delivery of those currencies from digital wallets to other digital wallets or accounts. Respondent NCI engaged in money transmission activities with respect to each of the products and services identified in paragraph 1.2.

**B.  Unlicensed Lending.** During the relevant period, Respondent NCI offered to advance funds for loans, made loans of money, or extended credit to Washington residents for which Respondent NCI charged interest.

**1.3      Unfair, False, Misleading, or Deceptive Representations.** During the relevant period, Respondent NCI made unfair, false, misleading, or deceptive representations, including representations regarding ownership of collateral for loans and Respondent NCI's licensing status.

**A.  Ownership representations.** During the relevant period, Respondent NCI represented that it "extend[s] you a credit line against your crypto and you retain the full ownership of your assets through the duration of the loan" and that people "retain[] 100% ownership of their digital assets while having immediate access to cash." At the same time, Respondent NCI's terms and conditions for its "Crypto Credit" stated: "Unless prohibited by any Applicable Law, by virtue of this Agreement Nexo acquires the ownership title and all attendant rights of ownership of the Collateral while the Nexo Crypto Credit is outstanding, and can dispose of this Collateral in any manner at its sole and absolute discretion." Because the statements about retaining ownership conflict with the

statements in Respondent NCI's terms and conditions, Respondent NCI's statements were unfair, false, misleading, or deceptive.

**B. Website and licensing representations.** During the relevant period, Respondent NCI's website, nexo.io, did not identify Respondent NCI as the entity that operates the website. Instead, the website often uses the name "Nexo" without further clarification as to which legal entity within the Nexo Group the statement is referencing. Further, Respondent NCI's terms and conditions identify the parties to those terms as the customer and "any holding company, subsidiary or entity belonging to the Nexo group of companies." At the same time, Respondent NCI made the following statements on its website: "The Nexo Group has legal entities in various locations throughout the world, in order to service 200+ jurisdictions in the most efficient manner and is in compliance with all applicable global and local regulations. . . . rest assured that Nexo is compliant everywhere it provides services and retains top-tier legal counsels in the jurisdictions of its operation." Similarly, within the footer of Respondent NCI's website, Respondent NCI displayed the phrase "Licensed & Regulated Digital Assets Institution." Clicking on that phrase would open a webpage within Respondent NCI's website that listed the licenses and registrations of companies within the Nexo Group. Near the top of that webpage, Respondent NCI stated: "In order to ensure the provision of their portfolio of services in full compliance with all applicable global and local regulations and standards, the Nexo companies hold licenses and registrations in numerous jurisdictions worldwide, and are constantly bringing their operations in line with newly adopted legislative changes." Among the licenses and registrations listed were those held by Nexo Financial, LLC; Nexo Financial Services, Inc.; Nexo AG; Nexo Finance Limited; Nexo Services UAB, and Respondent NCI. Of the 42 licenses and registrations identified, Nexo Financial, LLC held 37, while Respondent NCI only held one – a registration in Canada. The list of licenses and registrations identifies Nexo Financial, LLC as the only entity with licenses or registrations in the United States. However, Respondents have

represented that Nexo Financial, LLC has never done any business in the United States or elsewhere. Through its website, Respondent NCI gives a false, misleading, or deceptive impression that Respondent NCI is licensed and in compliance with state and federal money services and lending laws by: (1) failing to specify Respondent NCI as the operator of the website and provider of the services offered therein, (2) referring to the Nexo Group or "Nexo" throughout the website without specifying the company or companies to which those statements explicitly apply, (3) listing the licenses of one or more entities that are not actually doing business in the relevant jurisdictions and that are not conducting the business offered and provided through the website on which the licenses and registrations are listed, and (4) making the false statement that the Nexo Group is in compliance with "all applicable … regulations."

**1.4     On-Going Investigation.** The Department's investigation into the alleged violations of the UMSA and the CLA by Respondents continues to date.

**II. GROUNDS FOR ENTRY OF ORDER**

**2.1     Requirement to Obtain Money Transmitter License.** Based on the Factual Allegations set forth in Section I above, Respondents are in apparent violation of RCW 19.230.030(1) for engaging in the business of money transmission, and advertising, soliciting, or holding themselves out as providing money transmission, without a license.

**2.2     Requirement to Obtain Consumer Loan Company License.** Based on the Factual Allegations set forth in Section I above, Respondents are in apparent violation of, RCW 31.04.027(1)(m),[1] RCW 31.04.027(1)(n), and RCW 31.04.035 for offering to advance funds for loans, making or originating loans of money, or extending credit, without a license and from an

---

[1] The subsections of RCW 31.04.027 cited herein were renumbered, but not substantively altered, effective June 7, 2018. While the citations in this Statement of Charges use the current numbering, Respondents are in apparent violation of the same provisions throughout the relevant period. Accordingly, paragraphs 2.2 and 2.3 incorporate the previous enumerations of the provisions, namely RCW 31.04.027(1), (2), (3), (13), and (14).

STATEMENT OF CHARGES                                   5                    DEPARTMENT OF FINANCIAL INSTITUTIONS
C-22-3391-22-SC01                                                                          Division of Consumer Services
NEXO CAPITAL, INC.; KOSTA KANTCHEV; and ANTONI                                                          PO Box 41200
TRENCHEV                                                                                     Olympia, WA  98504-1200
                                                                                                       (360) 902-8703

unlicensed location.

**2.3     Unfair, False, Misleading, or Deceptive Representations.** Based on the Factual Allegations set forth in Section I above, Respondents are in apparent violation of RCW 19.230.340(1), RCW 19.230.340(2), RCW 19.230.340(3), RCW 19.230.340(4), RCW 31.04.027(1)(a), RCW 31.04.027(1)(b), RCW 31.04.027(1)(c), RCW 31.04.027(1)(m), RCW 31.04.135, and WAC 208-620-550(5) for directly or indirectly employing any scheme, device, or artifice to defraud or mislead any person; directly or indirectly engaging in any unfair or deceptive act or practice toward any person; directly or indirectly obtaining property by fraud or misrepresentation; knowingly making, publishing, or disseminating any false, deceptive, or misleading information in the provision of money services; violating any applicable state or federal law relating to the activities governed by the CLA; and advertising, printing, displaying, publishing, distributing, or broadcasting or causing or permitting to be advertised, printed, displayed, published, distributed, or broadcast, in any manner whatsoever, any statement or representation with regard to the rates, terms, or conditions for the lending of money that is false, misleading, or deceptive.

### III. AUTHORITY TO IMPOSE SANCTIONS

**3.1     Authority to Issue an Order to Cease and Desist.** Pursuant to RCW 31.04.093(5)(a), the Director may issue orders directing a licensee, its employee, loan originator, or other person subject to the CLA to cease and desist from conducting business in a manner that is injurious to the public or violates any provision of the CLA.

**3.2     Authority to Prohibit from Industry.** Pursuant to RCW 19.230.250, the Director may issue an order to prohibit a person from continuing to engage in providing money services, and to prohibit from participation in the affairs of any licensee or authorized delegate under the UMSA, or both, any executive officer, person in control, or employee of the person for any violation of RCW 19.230.030 or RCW 19.230.080. Additionally, pursuant to RCW 31.04.093(6), the Director may issue an order

prohibiting from participation in the affairs of any licensee under the CLA, any officer, principal, employee, mortgage loan originator, or any other person subject to the CLA for a violation of RCW 31.04.027 or for a failure to obtain a license for activity that requires a license.

**3.3     Authority to Impose Fine.** Pursuant to RCW 19.230.250 and RCW 19.230.290, the Director may issue an order to impose civil money penalties on a person for any violation of RCW 19.230.030 or RCW 19.230.080 not to exceed $100 per day for each day the violation is outstanding. Additionally, pursuant to RCW 31.04.093(4), the Director may impose fines of up to $100 per day, per violation, upon the licensee, its employee or loan originator, or any other person subject to the CLA for any violation of the CLA.

**3.4     Authority to Collect Investigation Fee.** Pursuant to RCW 19.230.130(2), RCW 19.230.290, RCW 19.230.320(1)(c), WAC 208-690-170, and WAC 208-690-180(3), the Department may collect the costs of investigations. The fee will be calculated at the rate of $75 per hour. Additionally, pursuant to RCW 31.04.145(3) and WAC 208-620-590, WAC 208-620-610(7), every licensee examined or investigated by the Director or the Director's designee shall pay for the cost of the examination or investigation, calculated at the rate of $69.01 per staff hour devoted to the examination or investigation.

**3.5     Authority to Order Affirmative Action.** Pursuant to RCW 19.230.230(1), the Director may issue an order to require affirmative actions as are necessary by a licensee to comply with the UMSA if the licensee violates the UMSA or a rule adopted thereunder. Pursuant to RCW 31.04.093(5)(b), the Director may issue an order directing a licensee, its employee, loan originator, or other person subject to the CLA to take such affirmative action as is necessary to comply with the CLA.

**3.6     Authority to Order Refund of Fees and Interest.** Pursuant to RCW 31.04.035(2) and RCW 31.04.093(5), the Director may issue an order directing the refund of fees and interest charged in a transaction violating the CLA.

STATEMENT OF CHARGES
C-22-3391-22-SC01
NEXO CAPITAL, INC.; KOSTA KANTCHEV; and ANTONI TRENCHEV

7

DEPARTMENT OF FINANCIAL INSTITUTIONS
Division of Consumer Services
PO Box 41200
Olympia, WA  98504-1200
(360) 902-8703

**3.7     Authority to Recover Costs and Expenses.** Pursuant to RCW 19.230.250(3), the Director may recover the state's costs and expenses for prosecuting violations of the UMSA. Additionally, pursuant to RCW 31.04.205(2), the Director may recover the state's costs and expenses for prosecuting violations of the CLA.

**IV. NOTICE OF INTENT TO ENTER ORDER**

Respondents' violations of the provisions of chapter 19.230 RCW, chapter 208-690 WAC, chapter 31.04 RCW, and chapter 208-620 WAC, as set forth in the above Factual Allegations, Grounds for Entry of Order, and Authority to Impose Sanctions, constitute a basis for the entry of an Order under RCW 19.230.230, RCW 19.230.240, RCW 19.230.250, RCW 19.230.340, RCW 31.04.093, RCW 31.04.165, RCW 34.04.202, and RCW 31.04.205. Therefore, it is the Director's intent to ORDER that:

**4.1**     Respondents Nexo Capital, Inc.; Kosta Kantchev; and Antoni Trenchev be prohibited from engaging in providing money services in violation of the UMSA.

**4.2**     Respondents Nexo Capital, Inc.; Kosta Kantchev; and Antoni Trenchev cease and desist from the CLA violations cited in Section II above.

**4.3**     Respondents Nexo Capital, Inc.; Kosta Kantchev; and Antoni Trenchev be prohibited from participation in the conduct of the affairs of any money transmitter, any currency exchanger, and any authorized delegate subject to the Director's authority, in any manner, for a period of 5 years.

**4.4**     Respondents Nexo Capital, Inc.; Kosta Kantchev; and Antoni Trenchev be prohibited from participation in the conduct of the affairs of any consumer loan company subject to licensure by the Director, in any manner, for a period of 5 years.

**4.5**     Respondents Nexo Capital, Inc.; Kosta Kantchev; and Antoni Trenchev jointly and severally pay a fine. As of the date of this Statement of Charges, the fine totals $485,600.

**4.6**     Respondents Nexo Capital, Inc.; Kosta Kantchev; and Antoni Trenchev jointly and severally pay an investigation fee. As of the date of this Statement of Charges, the investigation fee totals $4,600.

**4.7**     Respondents Nexo Capital, Inc.; Kosta Kantchev; and Antoni Trenchev, within 30 days of entry of a Final Order in this matter, refund all fees and interest charged in the

making of nonresidential loans to all Washington residents who paid such fees or interest.

4.8     Respondents Nexo Capital, Inc.; Kosta Kantchev; and Antoni Trenchev maintain records in compliance with the UMSA and the CLA and provide the Department with the location of, as well as free access to, the books, records, and other information relating to Respondents' money transmitter and consumer lending businesses, and the name, address, and telephone number of the individual responsible for maintenance of such records.

4.9     Respondents Nexo Capital, Inc.; Kosta Kantchev; and Antoni Trenchev pay the Department's costs and expenses for prosecuting violations of the UMSA and the CLA in an amount to be determined at hearing or by declaration with supporting documentation in the event of default by Respondents.

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

STATEMENT OF CHARGES
C-22-3391-22-SC01
NEXO CAPITAL, INC.; KOSTA KANTCHEV; and ANTONI
TRENCHEV

9

DEPARTMENT OF FINANCIAL INSTITUTIONS
Division of Consumer Services
PO Box 41200
Olympia, WA  98504-1200
(360) 902-8703

# V. AUTHORITY AND PROCEDURE

This Statement of Charges and Notice of Intent to Enter an Order to Cease and Desist, Prohibit from Industry, Impose Fine, Collect Investigation Fee, Refund Fees and Interest, and Recover Costs and Expenses (Statement of Charges) is entered pursuant to the provisions of RCW 19.230.220, RCW 19.230.310, RCW 31.04.093, RCW 31.04.165, RCW 31.04.202, and RCW 31.04.205, and is subject to the provisions of chapter 34.05 RCW (The Administrative Procedure Act). Respondents may make a written request for a hearing as set forth in the NOTICE OF OPPORTUNITY TO DEFEND AND OPPORTUNITY FOR HEARING accompanying this Statement of Charges.

Dated this ___8th___ day of July, 2022.

/s/
LUCINDA FAZIO, Director
Division of Consumer Services
Department of Financial Institutions

Presented by:

/s/
DREW STILLMAN
Financial Legal Examiner

Approved by:

/s/
JACK McCLELLAN
Enforcement Chief