**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

**CASE NO.: 0:25-cv-62575-WPD**

SCOTT SCHAAF and
YEIDY MONTERO,

Plaintiffs,

v.

NEXO CAPITAL, INC. and
ANTONI TRENCHEV,

Defendants.
_______________________________________________/

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO REMAND (DKT. 40)**

Defendants' Opposition (Dkt. 46) does not dispute the two facts that decide this Motion: they removed solely on diversity [DE 1 ¶¶ 7, 19], and complete diversity was absent at removal and remains absent, because Mrs. Montero is a Dominican Republic citizen and both Defendants admit they are aliens [DE 1 ¶¶ 10–12]. Aliens on both sides of a controversy fall outside 28 U.S.C. § 1332, and § 1447(c) commands remand "at any time" the absence of subject-matter jurisdiction appears. Rather than confront that defect, the Opposition offers three detours: a new embedded-federal-question theory under *Grable*; a "fraudulent misjoinder" theory aimed at Mrs. Montero; and a plea for discretionary retention under § 1367. The first fails on the face of the Fourth Amended Complaint ("4AC") and under binding Eleventh Circuit law. The second cannot carry its clear-and-convincing burden on joinder facts of Nexo's own making. The third is foreclosed by the very decision Defendants quote, *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22 (2025).

## I. THE FOURTH AMENDED COMPLAINT PRESENTS NO EMBEDDED FEDERAL QUESTION UNDER GRABLE.

### A. No federal issue is "necessarily raised."

*Grable* jurisdiction exists only where a federal issue is "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013). The first requirement fails at the threshold. A federal issue is "necessarily raised" only if it is essential to *every* theory supporting the claim: "**a claim supported by alternative theories in the complaint may not form the basis for [arising-under] jurisdiction unless [federal] law is essential to <u>each of those theories</u>**." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 810 (1988) (emphasis added). The well-pleaded complaint rule "focuses on **claims, not theories**." *Id.*

Count I pleads three independent grounds why the Portfolio Booster and Help Center transactions are void: (a) illegality under the Commodity Exchange Act; (b) that "Plaintiffs never assented to Nexo's written terms, which do not govern these transactions," *Affinity Internet, Inc. v. Consolidated Credit Counseling Servs., Inc.*, 920 So. 2d 1286 (Fla. 4th DCA 2006); and (c) that any purported Portfolio Booster agreement "had no definite term, no liquidation trigger, and no terms of any kind to which Plaintiffs assented, rendering it illusory." Dkt. 41 ¶ 222(a)–(c). Count II expressly incorporates the same three grounds "together with Nexo's fraudulent concealment… or at minimum Plaintiffs' mistake," all creatures of Florida law. Dkt. 41 ¶ 227. Defendants' assertion that "[t]here is no state law question," Dkt. 46 at 9, simply ignores paragraphs 222(b) and (c). **<u>Because the Court can declare the transactions void and order rescission on the no-assent or illusoriness grounds without construing the CEA, no federal issue is necessarily raised.</u>** Nor does it matter which theory Defendants call the "real" one: in *Christianson* the federal theory was the one actually litigated and "on which petitioners ultimately prevailed," yet alternative non-federal theories on the face of the complaint still defeated jurisdiction. 486 U.S. at 810–13.

Florida's federal courts apply the rule in precisely this posture. See *Scoop Real Estate, L.P. v. Holland & Knight LLP*, No. 8:09-cv-01992, 2009 U.S. Dist. LEXIS 150021, at *4–5 (M.D. Fla. Nov. 16, 2009) (granting remand where "the underlying federal issues asserted in the complaint are but alternative independent theories of liability").

Count I's citation of 28 U.S.C. § 2201 alongside Chapter 86, Florida Statutes, Dkt. 41 ¶ 220, adds nothing. "The operation of the Declaratory Judgment Act is procedural only"; Congress "enlarged the range of remedies available in the federal courts but did not extend their jurisdiction." *Household Bank v. JFS Grp.*, 320 F.3d 1249, 1253 (11th Cir. 2003); *First Fed. Sav. & Loan Ass'n v. Brown*, 707 F.2d 1217, 1220 (11th Cir. 1983); *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671–72 (1950). In this Circuit, jurisdiction over a declaratory claim is measured by the coercive action it displaces. *City of Huntsville v. City of Madison*, 24 F.3d 169, 172 (11th Cir. 1994); *McDougald v. Jenson*, 786 F.2d 1465, 1476 (11th Cir. 1986). Plaintiffs hold no coercive federal action to displace: this Court has already held, with prejudice, that they possess no private right of action under the CEA. Dkt. 36 at 5–8, 20. Their coercive remedies—rescission, restitution, damages—arise solely under Florida law. *First Fed.*, 707 F.2d at 1221.

**B. The CEA reference is not "substantial."**

The Supreme Court has addressed embedded federal statutes that a plaintiff cannot privately enforce: "the congressional determination that there should be no federal remedy for the violation of this federal statute is tantamount to a congressional conclusion that the presence of a claimed violation of the statute as an element of a state cause of action is insufficiently 'substantial' to confer federal-question jurisdiction." *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 814 (1986). *Grable* clarified that this absence is "evidence relevant to, but not dispositive of," the substantiality inquiry, 545 U.S. at 318 — but it remains powerful evidence, and the Eleventh

Circuit has treated it as such after *Grable*. See *Adventure Outdoors*, 552 F.3d at 1303 (that Congress had supplied a private right of action was "evidence" supporting jurisdiction in an earlier case; "[s]uch evidence is lacking in the present case"). The Eleventh Circuit applies that rule in this precise posture: "in the absence of a private cause of action under the federal statute, interpretation of that statute as a necessary element of an otherwise state contract claim is not enough to permit exercise of federal question jurisdiction" over a declaratory judgment action. *Huntsville*, 24 F.3d at 170. This Court's own order — holding that Plaintiffs fit no category of 7 U.S.C. § 25 and dismissing the CEA counts with prejudice, Dkt. 36 at 5–8 — is therefore not a reason to retain the case; it is a reason the embedded issue cannot support jurisdiction. Accord *Dunlap v. G&L Holding Group, Inc.*, 381 F.3d 1285, 1291–92 (11th Cir. 2004) ("federal jurisdiction is not created by the mere fact that proof of violation of a federal statute is an element of a plaintiff's state-law cause of action").

Binding precedent defeats substantiality independently. In *Adventure Outdoors* the court agreed the state claims "necessarily raise a stated federal issue, actually disputed" — and **still ordered remand**, because the issue was a fact-bound application of settled law rather than a "nearly pure issue of law." Id. at 1299–1301 (quoting *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 700 (2006)). So too here. The meaning of 7 U.S.C. § 2(c)(2)(D) is settled in this Circuit, see *CFTC v. Hunter Wise Commodities, LLC*, 749 F.3d 967 (11th Cir. 2014); what remains is whether two specific transactions executed for these two customers in March 2021 fit it—a "fact-bound and situation-specific" inquiry that "cannot be squeezed into the slim category *Grable* exemplifies." *Empire Healthchoice*, 547 U.S. at 700–01. Its most recent published decision confirms it: in *AST & Science LLC v. Delclaux Partners SA*, 143 F.4th 1249 (11th Cir. 2025), the court found no *Grable* jurisdiction over a state-law contract claim turning on whether the defendant

fit the "finder" exception to federal broker-dealer rules — though that question was "complex," "evolving," and "would require an analysis and interpretation of a body of federal case law" — because all three substantiality factors "point away from substantiality." Id. at 1253–54. Whether Plaintiffs' transactions fit § 2(c)(2)(D)'s actual-delivery exception is the same party-specific inquiry. Notably, the most recent published Eleventh Circuit decision Defendants cite for the *Grable* framework itself *affirmed a remand*, concluding "that *Grable* does not confer federal jurisdiction." *Schleider v. GVDB Operations, LLC*, 121 F.4th 149 (11th Cir. 2024). Nor does Defendants' refrain of "exclusive jurisdiction" change the analysis. Section 25(c) reserves to federal courts only "actions brought under this section," 7 U.S.C. § 25(c) — and this Court has already held that Plaintiffs have no § 25 action. Dkt. 36. In any event, in *Gunn*, a unanimous Court held that a state malpractice claim turning on a patent-law question belonged in state court notwithstanding the federal courts' exclusive jurisdiction over patent cases, because "[t]he substantiality inquiry under *Grable* looks… to the importance of the issue to the federal system as a whole," not its significance to the parties. 568 U.S. at 260, 263–64. And *Turbeville v. FINRA*, 874 F.3d 1268 (11th Cir. 2017) (Dkt. 46 at 9), is not to the contrary: there the claims "turn[ed] on the existence of a federally supplied right of action" against FINRA acting as a federal deputy. Id. at 1277. Plaintiffs' causes of action are created by Florida law.

Defendants' district-court authorities confirm the line. In *Ga. Gambling Recovery LLC v. Kalshi Inc.*, 2026 WL 279375 (M.D. Ga. Feb. 2, 2026), the Georgia statute made federal legality the *sole* determinant of voidness — the claim could not succeed unless the contracts were unlawful under federal law — and substantiality rested on a "nearly pure issue of law" about the CFTC's exclusive jurisdiction over a designated exchange. Id. at *9–10 & n.4. Count I is the opposite: it succeeds on ¶ 222(b) or (c) without any federal ruling. In *Norris v. Brady*, 668 F. Supp. 3d 1257

(S.D. Fla. 2023), the count demanded a declaration that the products "are securities to be registered with the SEC," and an independent jurisdictional basis existed under 28 U.S.C. § 1334. And *Roman v. Hooters Spring Hill, Inc.*, 2016 U.S. Dist. LEXIS 190087 (M.D. Fla. July 8, 2016), was not a *Grable* case at all: there the prayer demanded damages, interest, and fees "pursuant to the… FLSA" — remedies that statute supplies to private plaintiffs. The 4AC demands no CEA remedy.

Finally, Defendants refute themselves. Their Opposition insists a declaratory claim cannot rest on a federal statute Congress declined to make privately enforceable, Dkt. 46 at 10–11, and their motion to dismiss presses the same no-private-right argument, Dkt. 47 at 9–10. That is *Merrell Dow*'s point exactly. Defendants cannot invoke the absence of a private right to defeat the CEA ground on the merits while invoking *Grable* to keep the case here because of it.

**C. Count VII does not present a federal question either.**

*Merrell Dow* itself rejected jurisdiction over a state tort claim that used the violation of a federal statute as an element. 478 U.S. at 817. Count VII alleges common-law fraud: that Nexo's representative told Mr. Schaaf the NEXO Token "was registered with the SEC" when it was not. Whether that statement was made, was false, and was relied upon are questions of fact and Florida law; whether the token was registered is a matter of public record, not a disputed construction of federal law. Such a "fact-bound and situation-specific" reference cannot satisfy *Grable*. *Empire Healthchoice*, 547 U.S. at 700–01.

## II. DEFENDANTS CANNOT CARRY THEIR "HEAVY" BURDEN OF PROVING FRAUDULENT JOINDER OR "EGREGIOUS" MISJOINDER.

A removing defendant asserting fraudulent joinder must prove it "by clear and convincing evidence." *Henderson v. Washington Nat'l Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006). "The burden of the removing party is a 'heavy one,'" and "[i]f there is even a possibility that a state

court would find that the complaint states a cause of action… the federal court must find that joinder was proper and remand the case to state court." *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997) (citations omitted). Courts "are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law." *Id.*

**A. Mrs. Montero's claims are, at minimum, arguable.**

Fraudulent joinder is assessed on "the plaintiff's pleadings at the time of removal." *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir. 1989). Defendants' Notice of Removal asserted diversity alone and said nothing of joinder [DE 1]; they raised the theory eight months later. They did not oppose leave to file the Second or Third Amended Complaint, Dkt. 46 at 4, litigating against Mrs. Montero for eleven months without suggesting she was improperly joined. In any event, their "no possibility" theory is a limitations merits argument, which fraudulent-joinder review cannot resolve. See *Henderson*, 454 F.3d at 1284–85 (reversing fraudulent-joinder finding because a "possibility" of tolling sufficed). Mrs. Montero pleads claims carrying five-year periods — civil theft, breach of written contract, and Florida RICO, which runs five years from when "the conduct in violation of a provision of [the act] terminates," § 772.17, Fla. Stat. — and the liquidations ran through May 23, 2021, less than five years before she was added. Her four-year claims are at least arguable through relation back and tolling: under *Kopel v. Kopel*, 229 So. 3d 812, 815–17 (Fla. 2017), an amendment relates back "as long as" it arises "out of the same conduct, transaction, or occurrence" and the original pleading gave "fair notice of the general factual scenario"; and Florida's district courts permit the addition of a party plaintiff where "the new and former parties have an identity of interest so as not to prejudice the adverse party." *Ron's Quality Towing, Inc. v. Se. Bank of Fla.*, 765 So. 2d 134, 135–36 (Fla. 1st DCA 2000); *City of Miami v. Cisneros*, 662 So. 2d 1272, 1274 (Fla. 3d DCA 1995); *Roger Dean Chevrolet, Inc. v.*

*Lashley*, 580 So. 2d 171, 173 (Fla. 4th DCA 1991). Defendants' own authorities hold the opposite: *Schwartz*, cited at Dkt. 46 at 15, reversed a limitations dismissal and permitted relation back under the identity-of-interest exception, 725 So. 2d 451, 452–54 (Fla. 4th DCA 1999); and *Caduceus Properties, LLC v. Graney*, 137 So. 3d 987, 992, 994 (Fla. 2014) — cited in their motion to dismiss as "holdi[ng] that Florida law does not permit the addition of new parties," Dkt. 47 at 7 — likewise allowed relation back and reaffirmed that rule 1.190(c) "should be liberally construed." Nexo requested and possesses Mrs. Montero's written authorization and administered the spouses' accounts as a single VIP relationship; it had fair notice of her involvement from the outset. Whether relation back and tolling ultimately prevail is for the merits; that possibility alone compels remand. *Crowe*, 113 F.3d at 1538.

**B. There is no "egregious" misjoinder—Nexo itself consolidated Plaintiffs' accounts.**

The threshold question is not egregiousness but Rule 20: "fraudulent misjoinder cannot occur if the parties could be permissively joined under Fed. R. Civ. P. 20." *Villas Las Palmas Condo. Ass'n v. Scottsdale Ins. Co.*, No. 25-cv-22625, 2025 U.S. Dist. LEXIS 147070, at *10 (S.D. Fla. July 30, 2025) (Altman, J.) (remanding); accord *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1288 (11th Cir. 1998); *Ruiz v. Ringling Coll. of Art & Design, Inc.*, 656 F. Supp. 3d 1340, 1355 (M.D. Fla. 2023) ("If permissive joinder is appropriate, then there obviously can be no fraudulent joinder[.]" (citation omitted)). Rule 20 asks only whether the claims arise from the same transaction or series and share a common question of law or fact. *Vanover v. NCO Fin. Servs., Inc.*, 857 F.3d 833, 839 (11th Cir. 2017). Both are satisfied decisively. At Mr. Schaaf's request, Nexo agreed that one VIP Relationship Manager would handle both spouses' accounts, "ask[ing] only that Mrs. Montero send an email from her own email address authorizing the arrangement,

which she did." Dkt. 41 ¶ 68. That manager marketed the same brochure and Booster to both Plaintiffs; Mr. Schaaf selected the options and "submitt[ed] the same on Mrs. Montero's behalf under the authorization she had given him," Dkt. 41 ¶¶ 69–77, 84–85; and both accounts were liquidated the same week of May 2021, Dkt. 41 ¶¶ 135–46, 163. Defendants' Opposition concedes the spouses "consult[ed] with each other" before investing. Dkt. 46 at 16. **Because Rule 20 is satisfied, the inquiry ends.** Even if it did not, *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996), abrogated on other grounds by *Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000) — two unrelated class actions over "wholly distinct" transactions — cautioned that "mere misjoinder is [not] fraudulent joinder." One course of dealing Nexo itself administered as a single relationship is not misjoinder at all. Nexo's own Opposition refutes the theory: it tells the Court the claims "arise from the same facts, transactions, and legal theories" to keep them under § 1367, Dkt. 46 at 17, yet brands their joinder "egregious." In all events the Court need not reach it. See *Salomon v. Ezcorp, Inc.*, 349 F. Supp. 3d 1334, 1338 (S.D. Fla. 2018) (Dimitrouleas, J.) (remanding without reaching "Defendant's arguments of fraudulent joinder" because another "prerequisite to jurisdiction" failed).

## III. ROYAL CANIN FORECLOSES "DISCRETIONARY RETENTION."

Defendants close by asking the Court to retain supplemental jurisdiction under § 1367 and the *Cohill* factors, quoting *Royal Canin*'s line that "when a plaintiff cuts her federal claims, the court should have a choice about how best to get rid of the case." Dkt. 46 at 18. That sentence describes *Cohill*'s pre-§ 1367 remand-or-dismiss choice; the Court held *Cohill* "does not matter to the question before us." *Royal Canin*, 604 U.S. at 40–41. What *Royal Canin* actually held is fatal to Defendants' position: "[w]hen a plaintiff amends her complaint following her suit's removal, a federal court's jurisdiction depends on what the new complaint says," id. at 25; and when the

operative complaint contains no federal claim, "**there is no discretion to decline supplemental jurisdiction… because there is no supplemental jurisdiction at all**." Id. at 33–34 (emphasis added). The balancing Defendants invoke never comes into play unless the 4AC retains a claim within the Court's original jurisdiction. None does. See Part I; Mot. § I.

Even if discretion existed, the Court should decline it. The Eleventh Circuit "encourage[s] district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial." *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004) (per curiam). That is especially so where the federal dismissal involved no analysis of the state claims' merits. *Herbozo v. Fernandez*, 2026 U.S. Dist. LEXIS 78368, at *3 (M.D. Fla. Apr. 10, 2026) (remanding on that basis). So here: Dkt. 36 dismissed the CEA counts for want of a private right and the RICO counts as time-barred; it adjudicated no Florida-law question. Section 1367(c)(1) applies independently: the 4AC's usury, securities, and Florida RICO theories raise unsettled questions of Florida law as applied to digital-asset lending. *Beasley v. Univ. of Miami*, 2021 U.S. Dist. LEXIS 127079, at *4 (S.D. Fla. July 7, 2021) (remanding).

Defendants' theory that the 3AC "seized" this Court is the once-attached-always-attached reasoning *Royal Canin* rejected: jurisdiction follows the operative complaint. Id. at 30. Nor is there forum manipulation: this Court dismissed every federal claim on Defendants' own motion. Dkt. 36 at 20. "All doubts about jurisdiction should be resolved in favor of remand to state court." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999).

**CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that this action be remanded to the Circuit Court of the Seventeenth Judicial Circuit, Broward County, Florida.

Dated: August 7, 2026

Respectfully submitted,

/s/ Christopher Hunt
Christopher Hunt, Esq.
Florida Bar No.: 1035597
146 Second Street North, Suite 310
Saint Petersburg, FL 33701
christopher@chrishuntlegal.com
Telephone: (727) 401-4665
Counsel for Plaintiffs

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 7, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

/s/ Christopher Hunt
Christopher Hunt, Esq.