UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 0:25-62575-WPD

SCOTT SCHAAF and YEIDY MONTERO,

Plaintiffs,

v.

NEXO CAPITAL INC. and ANTONI TRENCHEV,

Defendants.
______________________________________________/

**ORDER GRANTING MOTION FOR REMAND; REMANDING AND CLOSING CASE**

This cause is before the Court on Plaintiffs Scott Schaaf and Yeidy Montero's First Motion to Remand to State Court [DE 40], filed herein on July 2, 2026. The Court has reviewed the Motion. the Response [DE 46], filed July 31, 2026, and the Reply [DE 48] filed August 7, 2026, and is otherwise fully advised in the premises.

**I. PROCEDURAL HISTORY**

Plaintiffs commenced this action on May 16, 2025, in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida. *See* Complaint, [DE 1-2]. On September 6, 2025, Plaintiffs filed an Amended Complaint in the Seventeenth Judicial Circuit in and for Broward County, Florida. The Amended Complaint alleged that Plaintiffs had accumulated and lost, because of Defendants' actions, the specific amount of $1,605,340.00 worth of Bitcoin, Nexo Coin, and Ethereum. *See* Am. Compl. [DE 1-10] ¶ 20, 21. The Amended Complaint alleged that Plaintiffs Scott Shaaf and Yeidy Montero were residents of Broward County, Florida, that Defendant Nexo Capital Inc. is a Cayman Islands Corporation, and that Defendant Antoni Trenchev is a resident of the United Kingdom. *See* Am. Compl. [DE 1-10]

¶¶ 7, 8, 9. Based upon these allegations, Defendants removed the action to this Court on December 12, 2025 on the basis of diversity jurisdiction. *See* Notice of Removal, [DE 1-1].

Following removal, the complaint was amended on December 12, 2025, *see* Second Amended Complaint, [DE 9], and then again on February 20, 2026. *See* Third Amended Complaint, [DE 19]. The Third Amended Complaint added claims under the federal RICO statute and the federal Commodity and Exchange Act. *Id.*

On March 20, 2026, Defendants moved to dismiss the Third Amended Complaint in its entirety. [DE 22]. The Court held a hearing on the Motion on May 15, 2026. [DE 35]. On June 5, 2026, the Court, exercising jurisdiction on the basis of both federal question and diversity jurisdiction, granted Defendants' motion to dismiss the Third Amended Complaint. *See* Order Granting Defendants' Motion to Dismiss. [DE 36]. Following a review of Plaintiffs' ten claims—six federal claims and four state law claims—the Court dismissed the federal claims (Counts I-VI) with prejudice as time barred, and dismissed the remaining state law claims either with or without prejudice, depending on the extent to which the claim was time barred and thus amendment futile. *Id.* p. 21. The Court allowed Plaintiffs to file a fourth amended complaint in accordance with the Court's Order and invited Defendants to reraise arguments to any fourth amended complaint that were raised in the motion, to the extent the remained applicable. *Id.* p. 21.

On July 2, 2026 Plaintiffs filed a Fourth Amended Complaint asserting sixteen claims under Florida law. *See* Fourth Amended Compl. [DE 41]. The same day, Plaintiffs moved to remand the action. Plaintiffs now argue, for the first time, that diversity jurisdiction is lacking in this action because Plaintiff Yeidy Montero is an alien and a citizen of the Dominican Republic and a lawful permanent resident of the United States, and both Defendants are also aliens.

Accordingly, Plaintiffs argue diversity does not exist in this action. In the alternative, Plaintiffs argue this case should be remanded because the Court has dismissed Plaintiffs' federal claims, and the only remaining claims in this action are state court claims, over which the Court should decline to exercise jurisdiction.

In response, Defendants argue (1) the Court should retain jurisdiction because Counts I and II are re-drafted versions of the federal claims, over which this Court retains jurisdiction under *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing.*, 545 U.S. 308 (2005); (2) there exists diversity jurisdiction because Plaintiff Montero, who is a named Plaintiff in every count, was fraudulently joined and no viable claims against Nexo and (3) the Court should exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367. Because the Court disagrees with each of Defendants' arguments, this action is remanded.

## II. STANDARD OF LAW

Federal courts are courts of limited jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). District courts have an obligation to inquire into subject matter jurisdiction whenever the possibility that jurisdiction does not exist arises, *Cheffer v. Reno*, 55 F.3d 1517, 1523 (11th Cir. 1995), and must dismiss an action where it appears that the court lacks jurisdiction. Fed. R. Civ. P. 12(h)(3). "[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001). Finally, "[a]ll doubts about jurisdiction should be resolved in favor of remand to state court." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999) (citations omitted).

## III. DISCUSSION

### a. Federal Question Jurisdiction

Defendants argue that Counts I and II of the Fourth Amended Complaint, although redrafted as state law claims, actually seek relief based upon the Commodities and Exchange Act, and therefore the Court retains federal jurisdiction under these claims. The Court disagrees.

Under 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case can "aris[e] under" federal law in two ways. First, "a case arises under federal law when federal law creates the cause of action asserted." *Gunn v. Minton*, 568 U.S. 251, 257 (2013). Second, even "where a claim finds its origins in state rather than federal law," the Supreme Court has "identified a 'special and small category' of cases in which arising under jurisdiction still lies." *Id.* at 258 (quoting *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 699 (2006)). That is where the federal question, though framed as a state law claim, has been (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution. *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308 (2005). "The path described in *Grable* is successfully trod very rarely" *AST & Sci. LLC v. Delclaux Partners SA*, 143 F.4th 1249, 1252 (11th Cir. 2025), *cert. denied,* 146 S. Ct. 370, 223 L. Ed. 2d 198 (2025).

None of the four *Grable* factors are met here. First, the mere invocation of the Commodities and Exchange Act as buried among the several theories under Counts I and II does not mean that any issues under the Commodities and Exchange Act have been necessarily raised, actually disputed, substantial, or is capable of resolution. Plaintiffs' Count I seeks a declaratory

judgment that their March 2 and 9, 2021 transactions were "void and unenforceable for three reasons":

> (a) They were illegal, off-exchange leveraged retail commodity transactions in violation of the Commodity Exchange Act, as alleged in Section M above, and a transaction that violates a statute is illegal, void, and against public policy. Local No. 234 v. Henley & Beckwith, Inc., 66 So. 2d 818 (Fla. 1953).
>
> (b) Plaintiffs never assented to Nexo's written terms, which do not govern these transactions, as alleged in Section M above. Affinity Internet, Inc. v. Consolidated Credit Counseling Servs., Inc., 920 So. 2d 1286 (Fla. 4th DCA 2006).
>
> (c) Any purported Portfolio Booster agreement had no definite term, no liquidation trigger, and no terms of any kind to which Plaintiffs assented, rendering it illusory, as alleged in Sections D and M above.

[DE 41] ¶ 222. Count II for "rescission" seeks the relief that follows from the declaration in Count I—that is, "unwinding the transactions" ¶ 226. Under this pleading framework, Plaintiffs may succeed at achieving declaratory judgment and rescission without the state court ever needing to construe the Commodities and Exchange Act. *See e.g.*, *Scoop Real Est., L.P. v. Holland & Knight LLP,* No. 09-cv-01992, 2009 WL 10708577, at *2 (M.D. Fla. Nov. 16, 2009) (granting remand where "the underlying federal issues asserted in the complaint are but alternative independent theories of liability" and "Plaintiffs' complaint could be resolved without interpretation of federal law").

Second, as this Court has explained, Plaintiffs are not entitled to relief under the CEA as the statute does not confer to them a private right of action. *See* [DE 36] pp. 5-8.[1] "[T]he congressional determination that there should be no federal remedy for the violation of this federal statute is tantamount to a congressional conclusion that the presence of a claimed violation of the statute as an element of a state cause of action is insufficiently 'substantial' to confer federal-question jurisdiction." *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 814

[1] The Court alternatively held that the claims were time-barred. [DE 36] pp. 8-10.

(1986). Although the absence of a private right of action is "not dispositive of," the substantiality inquiry, *Grable*, 545 U.S. at 318, it remains powerful evidence. *See Adventure Outdoors, Inc. v. Bloomberg,* 552 F.3d 1290, 1303 (11th Cir. 2008) (that Congress had supplied a private right of action was "evidence" supporting jurisdiction in an earlier case, and "[s]uch evidence is lacking in the present case"); *City of Huntsville v. City of Madison,* 24 F.3d 169, 174 (11th Cir. 1994) ("in the absence of a private remedy, the necessity to interpret § 13 of the TVA Act does not present a substantial question of federal law that would confer federal question jurisdiction over the displaced state contract action.").

Third, even to the extent the *Grable* factors are met, exercising jurisdiction here "would work significant change upon the division of judicial labor in the state and federal systems." *Meyer v. Health Mgmt. Assocs., Inc.,* 841 F. Supp. 2d 1262, 1272 (S.D. Fla. 2012) (citing *Grable,* 545 U.S. at 312) ("even when the state action discloses a contested and substantial federal question, the exercise of federal jurisdiction is subject to a possible veto," because "the presence of a disputed federal issue and the ostensible importance of a federal forum are never necessarily dispositive; there must always be an assessment of any disruptive portent in exercising federal jurisdiction."). Furthermore, "the mere presence of a federal issue in a state cause of action does not automatically confer federal question jurisdiction," even to the extent that "the interpretation of federal law may constitute an element of the state cause of action." *Madzimoyo v. Bank of N.Y. Mellon Trust Co.,* 440 Fed.Appx. 728, 730 (11th Cir. 2011). Accordingly, the mere mention of the CEA in the Fourth Amended Complaint does not itself confer federal question jurisdiction.

**b. Diversity Jurisdiction**

With respect to diversity jurisdiction, the Court agrees with Plaintiffs that the new jurisdictional allegations defeat diversity in this action. Originally, diversity jurisdiction was properly pled over the state law claims. But now, Plaintiffs allege in their motion to remand, for the first time, that Plaintiff Montero is a citizen of the Dominican Republic and is not (contrary to its initial pleadings) a citizen of Broward County, Florida. If at any time a district court determines it lacks jurisdiction to proceed, it must remand or dismiss the action. *See* Fed. R. Civ. P. 12(h)(3).

Under 28 U.S.C. § 1332(a), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state . . . ; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States." 28 U.S.C. § 1332(a). "It is a standard rule that federal courts do not have diversity jurisdiction over cases where there are foreign entities on both sides of the action, without the presence of citizens of a state on both sides." *Iraola & CIA, S.A. v. Kimberly-Clark Corp.*, 232 F.3d 854, 860 (11th Cir. 2000) (citing *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1558 (11th Cir. 1989)). Thus, because of the presence of foreign citizens of both sides of this action, and because only Plaintiff Scott Schaaf is a citizen of Florida, this Court lacks diversity jurisdiction over Plaintiffs' state law claims.

Defendants argue that Plaintiff Montero was fraudulently joined. But the judicially created doctrine of fraudulent joinder would not appear to apply to this case. That doctrine only

permits the district court to ignore the presence of a non-diverse *defendant*, not a non-diverse plaintiff. Under well-established Eleventh Circuit precedent, the district court must "ignore the presence of the non-diverse *defendant*" and deny a motion to remand "[w]hen a plaintiff names a non-diverse *defendant* solely in order to defeat federal diversity jurisdiction." *Henderson v. Washington Nat. Ins. Co.,* 454 F.3d 1278, 1281 (11th Cir. 2006) (emphasis added); *see also Stillwell v. Allstate Ins. Co***.**, 663 F.3d 1329, 1332 (11th Cir. 2011) (per curiam); *Ullah v. BAC Home Loans Servicing LP*, 538 F. App'x 844, 845 (11th Cir. 2013); *Otoh v. Fed. Nat'l Mortg. Ass'n*, No. 24-12431, 2025 WL 915028, at *3 (11th Cir. Mar. 26, 2025); *Hunt v. Nationstar Mortg., LLC*, 684 F. App'x 938, 942 (11th Cir. 2017). The Eleventh Circuit has not ruled on whether the doctrine extends to Plaintiffs. *See Ruiz v. Ringling Coll. of Art & Design, Inc.,* 656 F. Supp. 3d 1340, 1354 (M.D. Fla. 2023).

Defendants do not even directly ask the Court to expand that doctrine here, (operating on the assumption that it applies), let alone provide any good legal argument for doing so. Even if Defendants had made such an argument, the Court would be disinclined expand the exceptions to the statutorily-mandated complete diversity requirement without a direct statement from the Eleventh Circuit that expansion is appropriate. *See e.g.*, *Twelve Stones, LLC v. VMA Mobile, LLC*, No. 22-00515-JB-M, 2023 WL 12173461, at *5 (S.D. Ala. June 23, 2023) ("without confirmation from the Eleventh Circuit that the fraudulent joinder doctrine extends to plaintiffs, this Court-like others-is hesitant to hold that it does."); *Beasley Forest Prods., Inc. v. N. Clearing, Inc.*, 515 F. Supp. 3d 1367, 1375 (S.D. Ga. 2021) (same); *see also Breland Homes, LLC v. Wrigley*, No. 5:18-CV-1350-CLS, 2019 WL 1466239, at *11 (N.D. Ala. Apr. 3, 2019) (finding that "the doctrine of fraudulent joinder does not apply to a fraudulently joined plaintiff."); *Johnston Indus., Inc. v. Milliken & Co*., 45 F. Supp. 2d 1308, 1312 (M.D. Ala. 1999)

(same); *but see Ruiz v. Ringling Coll. of Art & Design, Inc.,* 656 F. Supp. 3d 1340, 1354 (M.D. Fla. 2023) (assuming without deciding that the fraudulent joinder doctrine applied to plaintiffs and proceeding on the analysis thereunder). Accordingly, the Court is not persuaded by Defendants' "fraudulent misjoinder of Plaintiff" argument and declines to undertake the analysis of whether any of Montero's sixteen claims have merit. In the alternative, Defendants have not shown by "by clear and convincing evidence" that Plaintiff Montero, who alleges quantifiable financial damages against Defendants, has been fraudulently joined here. *Henderson v. Washington Nat'l Ins. Co*., 454 F.3d 1278, 1281 (11th Cir. 2006).

**C. Supplemental Jurisdiction**

Without federal question or diversity jurisdiction, there is no basis on which to hear the merits of the sixteen state law claims. Under 28 U.S.C. § 1367(a) only in a "civil action of which the district courts have original jurisdiction," does the district court have supplemental jurisdiction over the related state law claims. *Id.* Here, the absence of original jurisdiction defeats the potential for any exercise of supplemental jurisdiction.

To the extent there does exist original jurisdiction some of the sixteen state law claims, but not others, the Court declines to exercise supplemental jurisdiction over any of the remaining state law claims. A district court "may decline to exercise supplemental jurisdiction over a [state] claim" following dismissal of "all claims over which it has original jurisdiction . . . " 28 U.S.C. § 1367(c)(3). The Eleventh Circuit has "encouraged district courts to dismiss any remaining state claims when . . . the federal claims have been dismissed prior to trial." *Raney v. Allstate Ins. Co*., 370 F.3d 1086, 1088–89 (11th Cir. 2004) (citation omitted). "Where § 1367(c) applies, considerations of judicial economy, convenience, fairness, and comity may influence the court's discretion to exercise supplemental jurisdiction." *Baggett v. First Nat. Bank of*

*Gainesville*, 117 F.3d 1342, 1353 (11th Cir. 1997). When the federal-law claims are eliminated before trial, these factors "point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343 (1988).

For the foregoing reasons, it is **ORDERED** and **ADJUDGED** as follows:

1. Plaintiffs' Motion for Remand [DE 40] is **GRANTED**
2. This action is **REMANDED** to the Seventeenth Judicial Circuit in and for Broward County, Florida;

4. The Clerk is **DIRECTED** to **CLOSE** this case and **DENY** all pending motions as moot.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 17th day of August, 2026.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies to

Counsel of record